**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| AIG Specialty Insurance Company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   Civil Action No. )   21-11112-NMG |
| | ) |
| Jude McColgan, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from claims by Upland Software, Inc. ("Upland") that Jude McColgan ("McColgan") and Rajeev Aggarwal ("Aggarwal") (collectively, "defendants") fraudulently induced it to purchase Char Software, Inc. ("Char"). Both McColgan, who was the Chief Executive Officer of Char at the time of the transaction, and Aggarwal, a founder, former director, advisor and stockholder of Char, are alleged to have benefited financially from doing so. AIG Specialty Insurance Company ("AIG" or "plaintiff"), as subrogee and assignee of Upland, now seeks to recover the amount Upland allegedly overpaid due to the fraud.

On September 7, 2022, the Court issued a Memorandum and Order ("the Order") denying motions of both defendants to dismiss.  Specifically, the Court found that AIG has subrogation rights against McColgan and Aggarwal.

Pending before the Court is defendant Aggarwal's motion for clarification of the September 7 Order, which is directed to the Court's discussion of AIG's subrogation rights against stockholders such as Aggarwal.

## I.  Background

In analyzing the challenges of defendants to AIG's claims of fraud and fraudulent inducement, the Court reviewed: 1) the Agreement and Plan of Merger ("Acquisition Agreement") that Char executed with Upland and 2) the Buyer-Side Representations and Warranties Insurance Policy ("the Policy") issued by AIG for Upland.

Although Aggarwal's subrogation arguments relied on the language in the Acquisition Agreement, the Court evaluated the Policy as well, particularly the subrogation provision in Section 8(c) which states:

> [AIG] shall be entitled to subrogate against any Seller only if such payment results from or arises out of a Breach resulting from or arising out of fraud on the part of such Seller.

"Sellers" are defined as stockholders in the Policy and thus the Court concluded that

> both the Acquisition Agreement in Section 8.06(d) and the Policy in Section 8(c) make it clear that AIG may pursue claims of fraud against stockholders, notwithstanding limitations on subrogation rights regarding other kinds of claims.

Aggarwal now asks the Court to address whether the types of fraud claims AIG is entitled to bring against stockholders are limited by Section 8(c).

## II.  **Motion for Clarification**

In his motion, styled as a motion for clarification, defendant Aggarwal seeks to establish that AIG can pursue fraud claims against him only with respect to the written representations and warranties contained in the Acquisition Agreement, and then, only if that fraud related to his knowledge of any written notice from ESPN, Inc. regarding its intent to terminate.

In response to Aggarwal's motion, AIG asserts that this Court's prior memorandum and order amply addressed AIG's standing to recover against Aggarwal and the adequacy of the claims pled and thus no clarification is needed.  It further contends that Aggarwal seeks to undermine this Court's decision

by requesting the imposition of a further restriction of AIG's subrogation rights.

The Court agrees that clarification is unnecessary.  As the Court previously stated, AIG's subrogation rights are derived from the Policy.  Section 8(b) allows for broad subrogation to "all of [Upland's] respective rights of recovery," subject to Section 8(c), which entitles AIG to pursue claims of fraud against stockholders such as Aggarwal.

**ORDER**

For the foregoing reasons, defendant Aggarwal's motion for clarification (Docket No. 71) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 24, 2023